JAMES N. BUFFUM & others *vs.* ASA B. HUTCHINSON & others.

The demandant in a real action is not estopped from maintaining it by proof of a deed of partition executed by a former owner, through whom he derives his title, and others, whereby the demanded premises were assigned and set off, with mutual covenants, both to the demandant's predecessor and to another person, with whom the tenant has established no connection; or by proof of a deed of quitclaim of the premises, executed by another former owner, through whom he derives his title, without words of limitation, to a person since deceased; or by proof of a subsequent deed of such owner, of land adjoining the premises, in which the demanded premises are referred to as having been sold to the deceased person.

WRIT OF ENTRY. Most of the material facts appear in the opinion of the court. A deed of partition, dated November 22, 1813, to which the heirs of John Ireson, under whom the demandants claim, were parties, assigned to Jacob Ingalls " In the sixth lot in the third range, six acres and eighty poles, the eastern side of said lot." The same deed assigned to the heirs of John Ireson " Sixth lot in said [third] range, eight acres and one hundred poles." Amos Dorman, through whom the demandants derive their title, executed a release of the premises upon the back of a deed from Sidney Ingalls to Jesse Hutchinson, Jr., as follows: " Know all men by these presents that I, Amos Dorman of Lynn, hereby quitclaim all my right, title and interest in the land this day conveyed by Sidney Ingalls to Jesse Hutchinson, Jr., comprising five and one half acres in Rocks Pasture, as described in the within deed; my wife Sarah R. also relinquishing her right of dower in the premises, as witness our hands and seals this 4th day of January 1847; " and signed, sealed, acknowledged and recorded.

At the trial in the superior court, before *Rockwell,* J., a verdict was rendered for the demandants, and the tenants alleged exceptions.

*T. B. Newhall,* for the tenants.

*J. C. Perkins,* (*D. Peabody* with him,) for the demandants.

MERRICK, J.   This is a real action to recover possession of the tract of land described in the writ, being part of lot No. 6 in the third range which was laid out and assigned by the town of Lynn to Matthew Estes in 1706.   The demandants derive their title by a regular series of conveyances from said Matthew Estes ; deducing their title, among other conveyances, from deeds from the heirs of John Ireson and from Amos Dorman. Their title in this manner being shown to be complete, they are entitled to recover unless the objections relied upon by the tenants are sufficient to prevent it.

It is first objected that the demandants are estopped from setting up their title under the conveyance from the heirs of John Ireson, by reason of the covenants contained in a certain deed of partition made and executed by them and certain other persons, proprietors of certain parts of the tract of land known as the " Rocks Pasture."   This deed bears date and was executed on the 22d day of November A. D. 1813.   By the terms of it, six acres and eighty poles in the sixth lot in the third range, on the eastern side of said lot, were set off and assigned to Jacob Ingalls.   By the same deed, eight acres and one hundred poles were also set off and assigned to the heirs of John Ireson.   Both of the lots thus assigned and set off to Jacob Ingalls and the heirs of John Ireson include the demanded premises.   And the several proprietors, parties to the said deed, " do for themselves, their heirs, executors and administrators covenant and grant to each other that he or they shall thenceforward peaceably and quietly have, hold, possess and enjoy the same " lots set off and assigned to them severally in and by said deed, " free from all right and claim whatsoever of them or either of them, or any person claiming from or under them, forever."   The tenants insist that as the six acres and eighty poles set off and assigned to Jacob Ingalls include the demanded

premises, the demandants are estopped, by the covenants of the heirs of John Ireson, from claiming the same under deeds from them. But whatever may have been the right of Jacob Ingalls, derived under the deed of partition, the tenants do not show that they are entitled to the rights thereby acquired by him. The tenants are the heirs at law of Jesse Hutchinson, Jr., to whom the demanded premises were conveyed by the warranty deed of Sidney Ingalls. But it does not appear, nor is there anything in the facts reported to show, that there was any connection between him and Jacob Ingalls, or that the title of the latter, whatever it was, ever came to him. On the contrary, the demandants hold under deeds from the heirs of John Ireson, to whom the same demanded premises were, by the deed of partition, in direct and explicit terms assigned and set off. As against all persons therefore, except Jacob Ingalls, they had a clear and complete title; and as Sidney Ingalls shows none derived from Jacob Ingalls, neither he, nor the tenants claiming under him, can insist upon an estoppel by force of the covenants in the deed of partition.

But the demandants, in tracing their title from Matthew Estes, hold under a deed from Amos Dorman, as one of the intermediate conveyances. And the tenants claim that they derive title from the deed of Dorman dated January 4 1847, written on the back of a deed of Sidney Ingalls to Jesse Hutchinson, Jr. of the same date. It does not appear from the facts reported whether this deed of Dorman was made before or after the conveyance by him of the demanded premises under which the demandants derive their title; if it was afterwards, it is very clear that Hutchinson could take nothing by it. But whether it was before or afterwards is immaterial to the present issue; because the deed which names no grantee, but which being written on the back of the deed to Jesse Hutchinson, Jr., it is contended must be construed to be a conveyance to him, contains no words of limitation, and therefore conveyed only a life-estate. The word " heirs " is essential in a deed of conveyance to create an estate in fee; and if a man purchase lands to himself forever, or to him and his assigns forever, he takes only an estate for

life. 4 Kent Com. 6. The grantee, Jesse Hutchinson, Jr., hav-ing deceased, the life-estate which he acquired by the deed of Dorman, if in fact he took anything by it, is at an end ; and the tenants therefore cannot avail themselves of the estate thus conveyed.

The tenants, however, further rely upon a deed of Dor-man to Albourne Oliver, conveying a certain undivided part of the land in " Rocks Pasture," in which he excepts, among other lots, " about two thirds of the sixth lot in the third range of said ' Rocks Pasture,' sold to Jesse Hutchinson." This ex-ception has some tendency to show that he had made a convey-ance of some estate to Hutchinson; but as the only conveyance of that kind shown to have been made by him is by deed, and written on the back of the deed of Sidney Ingalls, and as that was the conveyance only of a life-estate, which has been ter-minated by the death of the grantee, the tenants obviously can derive no advantage from it.

It follows from these considerations that the exceptions to the rulings of the presiding judge cannot be sustained, and that the verdict for the demandants is to stand, and judgment is to be entered upon it.  *Exceptions overruled.*